# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**MARY I. MALDONADO-RIOS,**

      **Plaintiff,**

**v.**                                                  **Case No. 8:16-cv-218-T-AAS**

**NANCY W. BERRYHILL,**
**Acting Commissioner,**
**Social Security Administration,**

      **Defendant.**

_____/

## ORDER

Mary Maldonado-Rios's attorney Suzanne Harris moves for an award of $4,946 in attorney's fees under 42 U.S.C. Section 406(b). (Doc. 35). The Commissioner does not oppose Ms. Harris's request. (Doc. 35-5).

Ms. Maldonado-Rios applied for disability insurance benefits and supplemental security income. (Tr. 198–206). After disability specialists denied her applications initially and after reconsideration, Ms. Maldonado-Rios requested a hearing before an Administrative Law Judge (ALJ), who found Ms. Maldonado-Rios not disabled. (Tr. 25–35, 82–130, 157–58).

The Appeals Council denied Ms. Maldonado-Rios's request for review of the ALJ's decision. (Tr. 1–3). Ms. Maldonado-Rios then filed a complaint in this court. (Doc. 1). The order entered March 2, 2017, remanded the ALJ's decision, and the Clerk later entered judgment for Ms. Maldonado-Rios. (Docs. 20, 21).

1

The Commissioner found Ms. Maldonado-Rios disabled on remand, and the Social Security Administration (Administration) issued a Notice of Award. (Doc. 35-2). The Administration informed Ms. Maldonado-Rios it withheld $10,946 from past-due benefits for her attorney's fees. (*Id.* at 4).

According to Harris, the Administration also paid $6,000 in attorney's fees under Section 406(a). (Doc. 35, p. 3). The Administration then deducted $6,000 from Ms. Maldonado-Rios's withheld attorney's fees under Section 406(b). (*Id.*). After the Administration deducted the awarded attorney's fees under Section 406(a), Harris claims $4,946 remains in attorney's fees under Section 406(b). (*Id.*). Harris therefore requests $4,946 in attorney's fees under Section 406(b). (*Id.*).[1]

Under Section 406(b), when a court enters judgment favorable to a Social Security claimant represented by counsel, the court may award attorney's fees not to exceed twenty-five percent of the claimant's total past-due benefits. 42 U.S.C. § 406(b)(1)(A). The Administration here withheld $10,946 (twenty-five percent of Ms. Maldonado-Rios's past-due benefits) for attorney's fees. (Doc. 35-2).

When the Commissioner fails to object to the amount of attorney's fees requested under 406(b), the court should award the requested fees. *See Terry v.*

---

[1] Harris never explains why the Administration's $6,000 deduction was appropriate. The statutory scheme of Sections 406(a) and 406(b) imposes no aggregate limit on attorney's fees incurred at the agency and court levels. *See Culbertson v. Berryhill*, 139 S. Ct. 517 (2019) (holding the twenty-five percent cap on attorney's fees under 406(b) is separate from the cap on attorney's fees under 406(a)). This order need not address an issue Harris failed to raise.

*Astrue*, 753 F. Supp. 2d 1229 (M.D. Fla. 2010) (awarding attorney's fees under Section 406(b) when the Commissioner failed to argue the requested fees were unreasonable).

Based on the fee agreement, in which Ms. Maldonado-Rios agreed Harris could request twenty-five percent of past-due benefits for attorney's fees (Doc. 35-1), the itemization of services rendered (Doc. 35-3), and the Commissioner's lack of opposition, an attorney's fees award for $4,946 is appropriate.[2]

The court previously awarded Harris $2,701.92 in attorney's fees under the Equal Access to Justice Act (EAJA). (Doc. 24). When an attorney receives attorney's fees under the EAJA and Section 406(b), the attorney must refund the smaller fee. *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) (quotation and citation omitted); *DeRoche v. Comm'r of Soc. Sec.*, No. 2:14-CV-189-FtM-CM, 2019 WL 931957, at *1 (M.D. Fla. Feb. 26, 2019) (citations and footnotes omitted). Therefore, Harris must refund her $2,701.92 attorney's fees award under the EAJA.

\*   \*   \*

Section 406(b) allows Harris to recover in attorney's fees up to twenty-five percent of Ms. Maldonado-Rios's past-due benefits. The Commissioner does not dispute the timeliness or reasonableness of Harris's request for attorney's fees under

---

[2] This order also need not address the timeliness of Harris's request for attorney's fees under Section 406(b) because the Commissioner does not object to her request. *See Perkins v. Astrue*, 632 F. Supp. 2d 1114, 1115–16 (M.D. Fla. 2009) (citations omitted) (discussing timeliness of motion for attorney's fees under 406(b) because the Commissioner argued the motion was untimely).

Section 406(b).  The following is therefore **ORDERED**:

1.  Attorney Suzanne Harris's motion for attorney's fees under 42 U.S.C. Section 406(b) (Doc. 35) is **GRANTED**.

2.  Attorney Suzanne Harris is awarded $4,946 in attorney's fees under 42 U.S.C. Section 406(b).

3.  Attorney Suzanne Harris must refund Ms. Maldonado-Rios her attorney's fees award under the EAJA.

**ORDERED** in Tampa, Florida on March 4, 2019.

AMANDA ARNOLD SANSONE
United States Magistrate Judge